ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| Fluor Federal Solutions, Inc. | ) | ASBCA No. 62343 |
| | ) | |
| Under Contract No. N69450-12-D-7582 | ) | |

APPEARANCES FOR THE APPELLANT:     John S. Pachter, Esq.
Jennifer A. Mahar, Esq.
Kathryn T. Muldoon Griffin, Esq.
  Smith Pachter McWhorter PLC
  Tysons Corner, VA


APPEARANCES FOR THE GOVERNMENT:     Craig D. Jensen, Esq.
  Navy Chief Trial Attorney
Russell A. Shultis, Esq.
Patricia Walter, Esq.
Julie Ruggieri, Esq.
Jerry Kim, Esq.
  Trial Attorneys


<u>OPINION BY ADMINISTRATIVE JUDGE WITWER ON THE PARTIES'</u>
<u>CROSS-MOTIONS FOR SUMMARY JUDGMENT</u>


This appeal involves a dispute regarding the validity of the government's extension of services under Federal Acquisition Regulation (FAR) 52.217-8, OPTION TO EXTEND SERVICES (NOV 1999). The government unilaterally extended appellant's services under this clause while appellant was performing the final option year of the contract under protest—an option year that the Board later adjudicated to be unenforceable. *Fluor Fed. Sols., LLC*, ASBCA No. 61353, 19-1 BCA ¶ 37,237. The narrow question before the Board in this appeal is whether the government can extend a contractor's performance under FAR 52.217-8 after an ineffective attempt to exercise an option year. Both parties seek summary judgment on this question. As detailed below, we grant summary judgment in favor of appellant and sustain the appeal. The government's motion is denied.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTIONS

The following facts are undisputed or uncontroverted.

The Contract

In December 2011, the Naval Facilities Command Southeast (the Navy or government) awarded Flour Federal Solutions, Inc. (Fluor or appellant) contract No. N69450-12-D-7582 to provide regional base operations support at four Navy installations in the Jacksonville, Florida area (R4, tab 17 at GOV12440, 12443, 12459). The contract contemplated a period of performance of a base year, four option years, and three award option years, for a period of performance not to exceed a total of 96 months (*id.* at GOV12450).

Central to the dispute here, the contract incorporated FAR 52.217-8, OPTION TO EXTEND SERVICES (NOV 1999) (R4, tab 17 at GOV12472). This clause allows the government to extend a contractor's services for a period up to six months. The full text of the clause incorporated in the contract at issue in this appeal provides, as follows:

> The Government may require continued performance of any services within the limits and at the rates specified in the contract. These rates may be adjusted only as a result of revisions to prevailing labor rates provided by the Secretary of Labor. The option provision may be exercised more than once, but the total extension of performance hereunder shall not exceed 6 months. The Contracting Officer may exercise the option by written notice to the Contractor within 30 Calendar days.

(*Id.*)

The contract also incorporated, by reference, the standard disputes clause, FAR 52.233-1, DISPUTES (JUL 2002), as well as FAR 52.233-1, DISPUTES (JUL 2002)—ALTERNATE 1 (DEC 1991) (R4, tab 17 at GOV12468). Relevant here, the alternate disputes clause provides that, in the event of a contractual dispute, "[t]he Contractor shall proceed diligently with performance of this contract, pending final resolution of any request for relief, claim, appeal, or action arising under or relating to the contract, and comply with any decision of the Contracting Officer." FAR 52.233-1(i).

Performance of the contract began on July 1, 2012, and the Navy exercised all four of its non-award options. *Fluor Fed. Sols., LLC*, 19-1 BCA ¶ 37,237 at 181,249.

Option year 4 ran from July 1, 2016 to June 30, 2017. *Id.* The Navy did not exercise award option years 1 or 2, and deleted them from the contract in accordance with the contract's award option plan. *Id.*

The Navy's Exercise of Award Option Year 3 and ASBCA No. 61353

On June 28, 2017, mere days prior to the expiration of option year 4, the Navy issued a unilateral modification purporting to exercise award option year 3 with a 12-month period of performance from July 1, 2017 through June 30, 2018 (R4, tab 18.193). Fluor objected to the modification, contending that the Navy's exercise of award option year 3 was invalid and contrary to the terms of the contract. *Fluor Fed. Sols., LLC*, 19-1 BCA ¶ 37,237 at 181,249-50. (*See also* ASUMF ¶ 4a; gov't resp. to ASUMF at ¶ 4a; GSUMF ¶ 12)[1] Fluor informed the Navy that it would perform award option year 3 under protest. (R4, tab 22; ASUMF ¶ 4a; gov't resp. to ASUMF ¶ 4a; GSUMF ¶ 13)

In July 2017, Fluor submitted a claim to the contracting officer for its allowable costs, plus a reasonable profit, for the work performed or anticipated to be performed under award option year 3 (R4, tab 23). Fluor appealed the deemed denial of its claim to the Board, which was docketed as ASBCA No. 61353. In January 2019, the Board granted summary judgment in Fluor's favor, holding that the Navy's exercise of award option year 3 was unenforceable. *Fluor Fed. Sols., LLC*, 19-1 BCA ¶ 37,237 at 181,253. Familiarity with our prior decision is presumed.

The Navy's Exercise of the Option to Extend Services Under FAR 52.217-8

In April 2018, while Fluor was performing award option year 3 under protest and subject to a complete reservation of rights, the Navy informed Fluor of its intent to extend Fluor's services by six months under FAR 52.217-8 (R4, tab 30). On June 6, 2018, the Navy issued unilateral Modification No. P00211, which purported to extend Fluor's performance under FAR 52.217-8 for an additional six months through December 31, 2018 (R4, tab 18.211 at GOV00025651). Fluor objected to the Navy's unilateral modification and represented that Fluor's continued performance of the contract was subject to protest (R4, tab 35).

In October 2019, Fluor submitted a claim to the contracting officer for its allowable costs, plus a reasonable profit, for the work performed during the six-month extension. (R4, tab 19 at GOV00025820-23). Fluor's October 2019 claim is the

---

[1] "ASUMF" refers to the Appellant's Statement of Undisputed Material Facts. "Gov't resp. to ASUMF" refers to the Government's Response to Appellant's Statement of Material Facts. "GSUMF" refers to the Government's Statement of Undisputed Material Facts.

subject of the dispute here.  In its claim, Fluor contended that the Navy's unilateral extension of Fluor's services was invalid because the Navy had failed to properly exercise award option year 3.  Fluor asserted that the Navy's failure to properly exercise the option year resulted in the expiration of the contract on June 30, 2017.

In January 2020, Fluor appealed the deemed denial of its claim to the Board, which was docketed as ASBCA No. 62343.  In its complaint, Fluor advances three theories, in the alternative, to support its claim (compl. at 8-9).  In Count I, Fluor alleges that the Navy materially breached the contract in extending the contract. In Count II, Fluor alleges that the Navy breached its implied duty of good faith and fair dealing in extending the contract.  In Count III, Fluor alleges that the Navy constructively changed the contract in extending the contract.  Fluor moves for summary judgment on Count I, or in the alternative, Count III (app. memo. at 6). The Navy cross-moves for summary judgment.  The matter before us has been fully briefed, with both parties submitting opening motions, opposition briefs, replies in support of their motions, and sur-replies.[2]

DECISION

I.      Standards for Summary Judgment

As both parties state in their respective motions, summary judgment is proper when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Here, the parties have asked us to determine whether or not the government's extension of Fluor's services under FAR 52.217-8 was effective. We have not found any facts material to the resolution of this question to be in genuine dispute.  Moreover, the parties assert that the question presented involves a matter of contract interpretation.  (App. memo. at 4; gov't cross-mot. and opp'n at 7). Contract interpretation is a matter of law, readily resolved by summary judgment. *Kellogg Brown & Root Servs., Inc. v. Sec'y of the Army*, 973 F.3d 1366, 1370 (Fed.

---

[2] There were six dispositive filings:  (1) Fluor's Motion for Partial Summary Judgment dated April 17, 2020, which included a memorandum in support of the motion ("app. memo."); (2) the Navy's Cross-Motion and Opposition dated May 18, 2020 ("gov't cross-mot. and opp'n"); (3) Fluor's Reply and Opposition dated June 3, 2020 ("app. reply and opp'n"); (4) the Navy's Reply dated July 2, 2020 ("gov't reply"); (5) Fluor's Sur-reply dated July 13, 2020 ("app. sur-reply"); and (6) the Navy's Sur-reply dated July 27, 2020 ("gov't sur-reply"). With respect to the parties' sur-replies, the Board grants Fluor's Motion for Leave to File a Sur-reply dated July 13, 2020, and denies the Navy's Motion to Strike Sur-reply filed July 14, 2020.  In reaching the conclusions set forth in our decision here, we have considered the sur-replies filed by both parties.

Cir. 2020); *Gen. Dynamics – Nat'l Steel and Shipbuilding Co.*, ASBCA No. 61854, 21-1 BCA ¶ 37,793 at 183,477. Because the Navy seeks to enforce the terms of the option, the Navy has the burden of proving that the option was properly exercised. *Griffin Servs., Inc.*, ASBCA Nos. 52280, 52281, 02-2 BCA ¶ 31,943 at 157,803.

II.     Contentions of the Parties

Fluor argues that, because the Board found the Navy's exercise of award option year 3 to be unenforceable, the contract expired by operation of law on June 30, 2017 (app. memo. at 5). Once the contract ended, Fluor maintains that the Navy no longer had an option under FAR 52.217-8 to require Flour to continue to provide services (*id*. at 4-5). Accordingly, the Navy's subsequent issuance of Modification No. P00211 on June 6, 2018—nearly 12 months after the contract ended—purporting to extend Fluor's services for an additional six months was invalid and unenforceable (*id.* at 5).

The Navy responds that, notwithstanding its invalid exercise of the award option year, it retained the right to extend Fluor's performance under FAR 52.217-8. Citing the decisions of the United States Court of Appeals for the Federal Circuit in *Arko Executive Services, Inc. v. United* States, 553 F.3d 1375 (Fed. Cir. 2009), and *Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260 (Fed. Cir. 1999), the Navy claims that the government may extend a contractor's performance beyond the expiration of the contract provided it does so while the contractor's performance is continuing. The Navy reasons that, because Fluor was performing at the time the Navy issued the modification (albeit under protest and pursuant to an award option that the Board determined to be unenforceable), the Navy possessed the authority to extend Fluor's services under FAR 52.217-8. As an additional matter, the Navy also argues that, not only did it possess the authority to extend Fluor's performance under FAR 52.217-8, it exercised that authority properly by providing timely notice to Fluor and exercising the option in accordance with the terms of the clause. For the reasons below, we grant Fluor's motion and deny the Navy's motion.

III.    The Navy's Extension of Services Under FAR 52.217-8 Was Invalid

The question presented by the parties is straightforward: Whether the government can extend a contractor's performance under FAR 52.217-8 after an ineffective attempt to exercise an option year. The answer is also straightforward: No. As a result of the government's failure to properly exercise the option year, the contract expired. The language of FAR 52.217-8 incorporated here does not provide a mechanism to resurrect the parties' obligations under an expired contract.

In *Fluor Federal Solutions, LLC*, 19-1 BCA ¶ 37,237, we held that the Navy's exercise of the award option year was unenforceable. *Id.* at 181,253. The effect of the Board's decision is that the contract expired by operation of law on June 30, 2017,

5

*i.e.*, the date before the invalid option period began. *See e.g.*, *White Sands Constr., Inc.*, ASBCA Nos. 51875, 54029, 04-1 BCA ¶ 32,598 at 161,308 (holding that, when the government fails to properly exercise an option, the contract comes to an end the day prior to the start of the invalid option period); *Grumman Technical Servs., Inc.*, ASBCA No. 46040, 95-2 BCA ¶ 27,918 at 139,317 (same); *Lear Siegler Inc.*, *Mgmt. Servs. Div.*, ASBCA No. 30224, 86-3 BCA ¶ 19,155 at 96,795 (same). *See also Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1275 (Fed. Cir. 1999) ("As a result of the [government's] failure to exercise the option in accordance with its terms[,] no bilateral contract for the purchase of property came into existence") (quoting *United States v. T.W. Corder, Inc.*, 208 F.2d 411, 413 (9th Cir. 1953)); *id.* (citing *Uniq Computer Corp. ex rel. United States Leasing Corp. v. United States*, 20 Cl. Ct. 222, 231-32 (1990); 3 ERIC MILLS HOLMES, CORBIN ON CONTRACTS § 11.8 (1996)). Accordingly, contrary to the Navy's assertion that its invalid exercise of the award option year "did not sever the parties' contractual relationship" (gov't cross-mot. and opp'n at 18), that is exactly the result. Once the contract expired, any subsequent attempt by the Navy to extend Fluor's services under FAR 52.217-8 was legally ineffective.[3]

We faced a similar situation in *Griffin Servs., Inc.*, 02-2 BCA ¶ 31,943. In *Griffin*, the government extended the contract three times under FAR 52.217-8, for a total of six months. The contractor received notice of the first two extensions before the pertinent performance period expired. With respect to the third extension, however, the government failed to show that the contractor was timely notified of the extension. Rather, notice of the third option was received after the contract expired. The contractor performed the third option and filed a claim for constructive change. In our decision, the Board concluded that the government properly exercised the first two options. Regarding the third option, the Board found that the option was not validly exercised because it was received by the contractor after the contract expired. *Griffin Servs., Inc.*, 02-2 BCA ¶ 31,943 at 157,805. We held that the government must "deliver the written exercise of the option to the appellant *before expiration of the option period*, in order for the option to be timely exercised." *Id.* (emphasis added). Like the government in *Griffin*, the Navy did not exercise the option to extend Fluor's services before the expiration of the contract period. Accordingly, like in *Griffin*, we conclude that the government's failure to exercise the option to extend services under FAR 52.217-8 prior to the expiration of the contract renders the option ineffective.

---

[3] Although the Navy disagrees with the contention that the contract expired on June 30, 2017, contending instead that the contract did not expire until a year later on June 30, 2018 (gov't resp. to ASUMF ¶¶ 5-6; gov't cross-mot. and opp'n at 11), the Navy's disagreement does not establish the existence of disputed facts. Rather, the effect of the government's failure to properly exercise an option is a question of law, not a triable issue of fact.

6

The Board's decisions in *White Sands Constr., Inc.*, 04-1 BCA ¶ 32,598, and *Grumman Technical Servs., Inc.*, 95-2 BCA ¶ 27,918, are also instructive. In *White Sands*, the contract contemplated a base year and four option years. The government exercised all four option years under FAR 52.217-9, OPTION TO EXTEND THE TERM OF THE CONTRACT (MAR 1989). The contractor alleged that the government improperly exercised the second option year resulting in the expiration of the contract and the invalidation of all subsequent option years. The Board agreed, holding that the "exercise of Option II was therefore ineffective, the contract came to an end . . . and there were no options to exercise in [subsequent years]." *White Sands Constr., Inc.*, 04-1 BCA ¶ 32,598 at 161,308. The Board concluded that the contractor was entitled to an equitable adjustment for the invalid option years.

Likewise, in *Grumman*, the contract contemplated a base year and four options years. The government exercised the first two option years under FAR 52.217-9. The contractor alleged that the government improperly exercised the first option year. The Board agreed and summarized the impact of such a finding, as follows: "Since the [first] option exercise was invalid, the contract came to an end . . . and there remained no option to exercise[.]" *Grumman Technical Servs., Inc.*, 95-2 BCA ¶ 27,918 at 139,317. The Board further explained that the government's "purported exercise of [the second option year] was, therefore, of no effect." *Id.* The Board's decisions in *White Sands* and *Grumman* clearly articulate the legal result of an invalidly exercised option, namely that the contract expires and that any subsequently exercised options are of "no effect."[4]

In sum, when the contract here expired, the Navy's right to exercise the option to extend services under FAR 52.217-8 expired with it. Consequently, the Navy's issuance of Modification No. P00211, nearly 12 months after the expiration of the contract, is invalid and Fluor is entitled to an equitable adjustment for the six-month extension of its services under a theory of constructive change.[5] For the above reasons, we grant summary judgment in Fluor's favor on Count III of the complaint.

---

[4] The Navy seeks to distinguish *Grumman* (and presumably *White Sands* too) by noting that it involved the exercise of successive option years under FAR 52.217-9, not the exercise of the option to extend services under FAR 52.217-8. (Gov't cross-mot. and opp'n at 9-10, 15; gov't reply at 7-8) We do not find the distinction to be relevant under the circumstances presented here and the Navy offers no rationale for us to treat the two FAR clauses differently. Once a contract expires, the government's ability to extend the contractor's performance—through either FAR clause—expires as well.

[5] Where a contractor continues performance of a contract at the direction of the government following the government's improper exercise of an option, the contractor is entitled to reimbursement of its costs and reasonable profit

7

IV.     The Federal Circuit's Decisions Cited by The Navy Do Not Support the Navy's Position.

In an attempt to bolster its position that it retained the right to extend Fluor's services after the expiration of the contract, the Navy cites the Federal Circuit's decisions in *Arko Executive Services, Inc.*, 553 F.3d 1375, and *Alliant Techsystems, Inc.*, 178 F.3d 1260. The Navy's reliance on these decisions is misplaced.

A.     The Federal Circuit's Decision in *Arko* Addresses Legal Issues Not Germane to This Appeal.

The Federal Circuit's decision in *Arko* involved the interplay between FAR 52.217-8 and FAR 52.217-9. The Federal Circuit held that the government may properly invoke FAR 52.217-8 to extend services beyond the maximum contract term contemplated in FAR 52.217-9. *Arko*, 553 F.3d at 1381.

The contract in *Arko* contemplated a base year and four option years, which Arko fully performed. *Id.* at 1376-77. Before the end of the last option year, the government extended Arko's performance under FAR 52.217-8. *Id.* at 1377, 1379. After completing the contract under protest, Arko submitted a claim and later sued in the United States Court of Federal Claims, asserting that the government could not use FAR 52.217-8 to extend performance beyond the maximum contract term specified in FAR 52.217-9, which in this case was five years. *Id.*

On appeal, the Federal Circuit affirmed the trial court's grant of summary judgment for the government. The Court rejected Arko's argument that FAR 52.217-8 is limited by the language in FAR 52.217-9 identifying the maximum length of the contract. *Id.* at 1381 ("We hold that the limitation of the contract duration to five years by [FAR 52.217-9] does not preclude extensions beyond five years pursuant to FAR 52.217-8"). Instead, the contract duration established in FAR 52.217-9 applies only to extensions of the base period by options exercised under that clause. *Id.* at 1380. In short, the Court held that the government may use FAR 52.217-8 to extend performance beyond the term of the contract.

---

under a theory of constructive change. *See e.g., Lockheed Martin IR Imaging Sys. Inc. v. West*, 108 F.3d 319, 320 (Fed. Cir. 1997); *Varo, Inc.*, ASBCA No. 47945, 96-1 BCA ¶ 28,161; *United Food Servs., Inc.*, ASBCA No. 43711, 93-1 BCA ¶ 25,462; *Holly Corp.*, ASBCA No. 24975, 83-1 BCA ¶ 16,327; *Gen. Dynamics Corp.*, ASBCA No. 20882, 77-1 BCA ¶ 12,504; *TECOM, Inc.*, IBCA No. 2970 a-1, 95-2 BCA ¶ 27,607. *But see White Sands Constr., Inc.*, 04-1 BCA ¶ 32,598 (sustaining claim for breach of contract where government invalidly exercised option).

8

Relying upon *Arko*, the Navy argues, in the matter pending before us, that "had the Navy properly exercised each option and extended the contract term for the full 96 months [permitted under the contract], the Navy could have extended Fluor's performance [through FAR 52.217-8] for an additional 6 months and received Fluor's services for 102 months, notwithstanding the undisputed 96-month limitation option years" (gov't cross-mot. and opp'n at 13). The hypothetical situation laid out by the Navy, however, is not what we are presented with here.

Clearly, as the Federal Circuit established in *Arko*, the government, under FAR 52.217-8, may extend performance beyond the contract term. That, however, is not the question presented here.[6] Fluor does not argue that the Navy's use of FAR 52.217-8 was improper because it extended performance beyond the originally contemplated contract term (*i.e.*, 96 months) or beyond the expiration of the contract (*i.e.*, June 30, 2017) (app. reply and opp'n at 14).[7] Had Fluor raised such an argument, the Federal Circuit's decision in *Arko* would be relevant.

Instead, as explained above, Fluor contends (and we agree) that the government may not invoke FAR 52.217-8 after the contract has expired. The Federal Circuit in *Arko* did not address this question (and did not need to) because the Court determined that the government timely exercised its contractual right before the expiration of the contract. *Arko*, 553 F.3d at 1377-79. Thus, contrary to the Navy's contention (gov't cross-mot. and opp'n at 15), the Federal Circuit's decision in *Arko* does not support the premise that the government may exercise the option to extend after the expiration of the contract.

In this regard, the Navy seems to conflate two concepts: (1) the contractor's *performance* of the option and (2) the government's *exercise* of option. Although the government may require the contractor to continue to perform after the expiration of the contract term, the government may not invoke that right after the expiration of the contract term. Put another way, the performance itself may (and often does) occur after the expiration of the contract; the government's exercise of its contractual right to require continued performance, however, may not occur after the expiration of the contract. Here, the Navy's exercise of the option to extend Fluor's services was ineffective because it occurred nearly 12 months after the expiration of the contract.

---

[6] As an aside, we also note that the facts in the Navy's hypothetical differ from those presented in this case, *i.e.*, the Navy's hypothetical presumes that the Navy properly exercised each option.

[7] Indeed, Fluor acknowledges that the Navy could have extended Fluor's services beyond the contract term had it elected to do so *before* the expiration of contract on June 30, 2017 (app. reply and opp'n at 14). We agree, provided, of course, that the Navy exercised its authority in strict compliance with the option provision.

B. The Federal Circuit's Decision in *Alliant* Does Not Support the Navy's Theory That Continued Performance Under Protest Preserves the Government's Right to Extend Services.

The Navy's reliance on the Federal Circuit's decision in *Alliant Techsystems, Inc.*, 178 F.3d 1260, is equally unavailing. According to the Navy, the *Alliant* decision "teaches that the contract in this case continued in force notwithstanding the Navy's unenforceable exercise of the Award Option" (gov't cross-mot. and opp'n at 11). The Navy's theory is that the government may extend a contractor's services under FAR 52.217-8 "provided it does while the contractor's performance is continuing," even if such performance is under protest and pursuant to the disputes clause of the contract (*id.* at 1). Per the Navy, the only relevant inquiry is whether the contractor is performing at the time the government exercises the option (*id.* at 11).

Applying this theory to the subject appeal, the Navy contends that, as a result of Fluor's continued performance of the award option year (which the Navy concedes was required pursuant to the disputes clause), the Navy retained the authority to extend such performance under FAR 52.217-8. (*Id.* 11-12, 18-19; gov't reply at 5-6) In other words, it was Fluor's performance under protest that preserved the Navy's ability to exercise the option to extend under FAR 52.217-8. Nothing in the Federal Circuit's decision in *Alliant* supports this theory.

The contract in *Alliant* involved the demilitarization of bombs, and included an option clause that permitted the government to increase the quantity of bombs per month to be demilitarized. *Alliant Techsystems, Inc.*, 178 F.3d at 1263. The government attempted to exercise the option to increase the quantity of bombs, but did so at a different rate than specified in the contract. *Id.* at 1264. Alliant took the position that it was not required to perform because (a) the attempted exercise was untimely and (b) the attempted exercise was at a quantity not contemplated by the option clause. *Id.* Alliant sought relief from the Court of Federal Claims, which held that the government's exercise of the option was valid and that Aliant was required to perform, albeit at a lower rate per month than ordered by the government. *Id.* Alliant refused to perform the option quantities as revised by the trial court, and the government terminated Alliant's contract for default. *Id.* at 1263.

On appeal, the Federal Circuit reversed the Court of Federal Claims' finding that the exercise of the option had been valid, but held that Alliant was, nevertheless, obliged to continue performing under the disputes clause of the contract until the dispute was resolved. *Id.* at 1277. Although the Court agreed with the government that the option was timely exercised, it agreed with Alliant that the delivery rate was inconsistent with the option's stated terms, thus rendering the attempted exercise of the option invalid. *Id.* at 1263, 1275. The Federal Circuit explained that the "consequences of such a deviation from the proper terms of the option exercise are that the option

10

clause imposed no obligations on Alliant and that its refusal to perform the option did not constitute a breach of the option clause." *Id.* at 1275.

Although the Federal Circuit found the government's exercise of the option to be invalid, the Court held that Alliant was obligated to perform under the disputes clause of the contract. *Id.* at 1263. In this regard, the Court stated that a contractor's "obligations under the disputes clause are independent of its obligations under the option clause." *Id.* at 1277. The court concluded that the increased quantity of bombs requested by the government was not a "drastic modification" such that it would be construed as a cardinal change. *Id.* Thus, Alliant was not excused from performance. The Federal Circuit explained, however, that, "[i]f the [trial] court had accepted Alliant's argument on the merits [*i.e.*, found the option exercise invalid], it would have held that Alliant had no obligation to perform under the option clause." *Id.* at 1271. "That ruling, unless stayed, would also have preempted any disputes clause performance obligations." *Id.*

In sum, *Alliant* stands for two well-established principles. First, where the government fails to properly exercise an option, the contractor has no contractual obligations under the option clause beyond those of the original contract. *Id.* at 1275. Second, where the government fails to properly exercise an option, the disputes clause may obligate a contractor to continue performance "until and unless it obtain[s] a court [or Board] order excusing it from its performance obligation." *Id.* at 1277. The Federal Circuit's decision in *Alliant*, therefore, provides ample validation for our decisions in *White Sands* and *Grumman* (discussed above), in which we concluded that the government's failure to properly exercise an option results in the expiration of the contract as a matter of law and renders any subsequently exercised options invalid *notwithstanding the contractor's continued performance under protest*.

Contrary to the Navy's allegations, a contractor's continued performance under protest and pursuant to the disputes clause does not give the government *carte blanche* to extend such performance. In fact, if we were to adopt the theory advanced by the Navy, *i.e.*, that a contractor's performance under protest preserves the government's right to extend such performance, it would defeat the salutary purpose of the disputes clause. As has been long-recognized, the disputes clause "protects an important interest of the Government by permitting it to continue to receive needed supplies on schedule, despite disputes which might arise during performance." *Dynamics Corp. of Am. v. United States*, 389 F.2d 424, 432-33 (1968) (footnote omitted). This important governmental interest would be thwarted were we to rule that a contractor must refuse to perform an option year it believes to be invalid in order to prevent the government from further extending such performance under FAR 52.217-8.

In conclusion, neither *Arko* nor *Alliant* supports the Navy's arguments in this matter.

V.      A Final Matter:  The Strict Compliance Rule

To properly exercise an option, the government's acceptance of that offer must be unconditional and in exact accord with the terms of the contract being renewed. *New Eng. Tank Indus. of N.H., Inc. v. United States*, 861 F.2d 685, 687 (Fed. Cir. 1988); *4737 Conner Co. v. United States*, 65 F.App'x 274, 277 (Fed. Cir. 2003); *Griffin Servs., Inc.*, 02-2 BCA ¶ 31,943 at 157,803; *Contel Page Servs., Inc.*, ASBCA No. 32100, 87-1 BCA ¶ 19,540 at 98,734; *Holly Corp.*, 83-1 BCA ¶ 16,327 at 81,164. *See also Civic Plaza Nat'l Bank v. First Nat'l Bank in Dallas*, 401 F.2d 193, 198 (8th Cir. 1968).  This requirement is strictly construed.  *Gen. Dynamics Corp.*, ASBCA No. 20881, 77-1 BCA ¶ 12,504 at 60,622 (citations omitted).  Any attempt by the government offeree to alter the conditions of the option will render the exercise ineffective.  *Griffin Servs., Inc.*, 02-2 BCA ¶ 31,943 at 157,803 (citing *Alliant Techsystems, Inc.*, 178 F.3d at 1275); *Grumman Technical Servs., Inc.*, 95-2 BCA ¶ 27,918 at 139,316 (citing *Chem. Tech. Inc.*, 80-2 BCA ¶ 14,728); *Contel Page Servs., Inc.*, 87-1 BCA ¶ 19,540 at 98,734.  As the Navy recognizes (gov't cross-mot. and opp'n at 16), the government has the burden to prove that it exercised the option in strict compliance with the option provision.  *Griffin Servs., Inc.*, 02-2 BCA ¶ 31,943 at 157,803.

The Navy argues in its cross-motion for summary judgment that, not only did it retain the authority to extend Fluor's performance under FAR 52.217-8 after the contract expired, but also that it exercised that authority in strict compliance with the terms of the option clause (gov't cross-mot. and opp'n at 15-18).  Fluor counters that, even assuming for the sake of argument that the Navy's rights under FAR 52.217-8 did not cease when the contract expired, the Navy's purported extension of services was not timely exercised and was not within the limits and rates specified in the contract (app. reply and opp'n at 2).  The parties devoted a significant amount of their briefing to these issues.  In view of our disposition above, however, we need not address these arguments.

<u>CONCLUSION</u>

Appellant's motion for partial summary judgment as to Count III of the complaint is granted. The government's cross-motion for summary judgment is denied. The appeal is sustained and remanded to the parties to negotiate quantum in accordance with this decision.

Dated: August 8, 2022

ELIZABETH WITWER
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62343, Appeal of Fluor Federal Solutions, Inc., rendered in conformance with the Board's Charter.

Dated: August 9, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals